## GROSJEAN, Collector of Revenue, v. VALLOFT & DREUX, Inc.*

### No. 17133.

Court of Appeal of Louisiana. Orleans.

Feb. 6, 1939.

For former opinion, see 185 So. 711.

Deynoodt & de la Vergne and Bennett Meyers, all of New Orleans, for appellant.

Gaston L. Porterie, Atty. Gen., and Justin C. Daspit and Maurice B. Gatlin, Sp. Assts. Atty. Gen., for appellee.

### PER CURIAM.

When appellant filed a motion for rehearing, appellee—the Collector of Revenue—moved to dismiss the application "in-

*Writ of certiorari denied by Supreme Court April 3, 1939.

stanter" on the ground that no rehearing may be granted in view of the provisions of Section 3 of Act No. 14 of the Second Extraordinary Session of 1935, which section, in part, reads as follows: "* * * no new trial, rehearing or devolutive appeal shall be allowed. * * *"

In State v. Standard Oil Co., 188 La. 978, 178 So. 601, the Supreme Court considered this question and said [page 626]: "The language contained in the section providing that judgments shall become executory on the fifth calendar day and 'no new trial, rehearing or devolutive appeal shall be allowed,' in our opinion applies to judgments of lower courts and not to those of appellate courts."

We, therefore, did not dismiss the application for rehearing as the Collector of Revenue suggested we should. However, we now deny the rehearing, finding no merit in the application.

Rehearing refused.